IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MR. ALBERT JOHN HAWKER, | CASE NO. 1:25-cv-920 |
| Plaintiff, | |
| vs. | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

Plaintiff Albert John Hawker filed a Complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision denying supplemental security income. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The parties consented to my jurisdiction in this case. Doc. 6. Following review, and for the reasons stated below, I vacate and remand the Commissioner's decision.

**Procedural history**

In November 2022, Hawker filed an application for supplemental security income alleging a disability onset date[1] of October 1, 2007, and claiming he was disabled due to severe panic disorder, autism, and agoraphobia. Tr. 18, 202, 234. The Social Security Administration denied

---

[1] "Once a finding of disability is made, the [agency] must determine the onset date of the disability." *McClanahan v. Comm'r of Soc. Sec.*, 193 F. App'x 422, 425 (6th Cir. 2006).

Hawker's application and his motion for reconsideration. Tr. 69, 83. Hawker then requested a hearing before an Administrative Law Judge (ALJ). Tr. 103.

In March 2024, an ALJ held a hearing during which Hawker and a vocational expert testified. Tr. 35–68. The next month, the ALJ issued a written decision finding that Hawker was not disabled. Tr. 18–26. The ALJ's decision became final on March 12, 2025, when the Social Security Appeals Council declined further review. Tr. 1–4; *see* 20 C.F.R. § 404.981.

Hawker appealed to this Court on May 7, 2025. Doc. 1. He asserts the following assignments of error:

> 1. Whether the ALJ reversibly erred by failing to properly evaluate the opinion of consultative examiner Dr. Arnold for supportability as required by 20 C.F.R. § 416.920c.
>
> 2. Whether the ALJ's mental RFC has no medical foundation and is contradicted by the prior administrative psychological findings, the medical source opinions, and the mental health treatment record and is, thus, unsupported by the required substantial evidence.
>
> 3. Whether new and material evidence submitted to the Appeals Council (but not exhibited) warrants a Sentence Six Remand.

Doc. 8, at 1.

**Evidence**[2]

Hawker was 38 years old on the date that he filed his disability application. Tr. 25. He has a high school education and no past relevant work. Tr. 25.

**The ALJ's Decision**

The ALJ made the following findings of fact and conclusions of law:

> 1. The claimant has not engaged in substantial gainful activity since November 18, 2022, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairment: panic disorder/agoraphobia (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: able to perform work at all exertional levels except: can occasionally interact with supervisors, and coworkers but can never interact with the public can work in a low stress job, defined as one that requires only occasional work-related decisions but cannot perform work that involves making judgments or decisions for more complex or detailed types of tasks, such as analyzing

---

[2] Hawker has provided no medical or opinion evidence in the *Facts* section of his brief, as required by the Court's initial order. *See* Doc. 4, at 3. As a result, I have only considered Hawker's first assignment of error, which is a purely legal issue, and have not provided a summary of the medical evidence.

3

compiled data, directing or planning others' activities, or supervising employees; cannot perform work that involves arbitration, handling grievances or problem solving, negotiation, or directing employees; can deal with occasional changes to the routine work setting; off task less than 20% of workday; would be absent, including arriving to work late and or leaving work early, on average 6 days per year.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was … 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since November 18, 2022, the date the application was filed (20 CFR 416.920(g)).

Tr. 20–26.

**Standard for Disability**

Eligibility for social security benefit payments depends on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any

4

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A).

An ALJ is required to follow a five-step sequential analysis to make a disability determination:

1. Is the claimant engaged in substantial gainful activity? If so, the claimant is not disabled.

2. Does the claimant have a medically determinable impairment, or a combination of impairments, that is "severe"? If not, the claimant is not disabled.

3. Does the claimant's impairment meet or equal one of the listed impairments and meet the duration requirement? If so, the claimant is disabled. If not, the ALJ proceeds to the next step.

4. What is the claimant's residual functional capacity and can the claimant perform past relevant work? If so, the claimant is not disabled. If not, the ALJ proceeds to the next step.

5. Can the claimant do any other work considering the claimant's residual functional capacity, age, education, and work experience? If so, the claimant is not disabled. If not, the claimant is disabled.

20 C.F.R. §§ 404.1520, 416.920; *see Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). Under this sequential analysis, the claimant has the burden of proof at steps one through four. *Jordan*, 548 F.3d at 423. The burden

shifts to the Commissioner at step five "to prove the availability of jobs in the national economy that the claimant is capable of performing." *Id*. "The claimant, however, retains the burden of proving her lack of residual functional capacity." *Id*. If a claimant satisfies each element of the analysis and meets the duration requirements, the claimant is determined to be disabled. *Walters Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

**Standard of review**

A reviewing court must affirm the Commissioner's conclusions unless it determines "that the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Jordan*, 548 F.3d at 422. "'[S]ubstantial evidence' is a 'term of art'" under which "a court … asks whether" the "existing administrative record … contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citations omitted). The substantial evidence standard "is not high." *Id*. at 103. Substantial evidence "is 'more than a mere scintilla'" but it "means only[] 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citations omitted). The Commissioner's "findings … as to any fact if supported by substantial evidence [are] conclusive." 42 U.S.C. § 405(g); *Biestek*, 587 U.S. at 99.

A court may "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir.

2007). Even if substantial evidence or a preponderance of the evidence supports a claimant's position, a reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). This is so because there is a "zone of choice within which" the Commissioner can act, without fear of judicial "interference." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)).

**Discussion**

*1. The ALJ erred when evaluating the consultative examiner's opinion*

Hawker argues that the ALJ erred when she evaluated consultative examiner Dr. Arnold's opinion. Doc. 8, at 5.

The Commissioner is required to evaluate the persuasiveness of all medical opinions using the following factors: supportability; consistency; treatment relationship, including the length, frequency, purpose, and extent; specialization; and other factors. 20 C.F.R. §§ 416.920c(a), 416.920c(c)(1)–(5). Supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(a). Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] … the more persuasive the medical opinions … will be." 20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion[] … is with the evidence from other medical

7

sources and nonmedical sources in the claim, the more persuasive the medical opinion[] … will be." 20 C.F.R. § 416.920c(c)(2). The Commissioner must explain the supportability and consistency factors when discussing a medical opinion. 20 C.F.R. § 416.920c(b)(2). "[A]n ALJ need not," however, "specifically use the terms 'supportability' or 'consistency' in his analysis." *Cormany v. Kijakazi*, No. 5:21-cv-933, 2022 WL 4115232, at *3 (N.D. Ohio Sept. 9, 2022) (citing cases). The Commissioner is not required to discuss the remaining factors. *Id.* "A reviewing court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Toennies v. Comm'r of Soc. Sec.*, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (internal quotation marks and citation omitted).

As an initial matter, Hawker's objection to the ALJ's evaluation of Dr. Arnold's opinion is purely legal. Hawker argues that the ALJ committed "clear error" in violation of the regulations when she failed to discuss the supportability factor when evaluating Dr. Arnold's opinion. Doc. 8, at 5–13. To consider this argument, it is unnecessary for me to evaluate the medical evidence in this case. So Hawker's failure to include a *Facts* section in his brief, as the Court's initial order requires, *see* Doc. 4, at 3, does not doom this issue.

The ALJ discussed Dr. Arnold's exam findings and concluded:

> The undersigned finds the examiner's opinion persuasive as it is supported by the overall record including a review of the "paragraph B" criteria showing claimant performs activities of daily living and some work and hobbies despite his severe impairments. He has limitations in social

8

> interactions and may have difficulty with complex tasks due to panic symptoms. In addition, stress is a factor that may exacerbate his symptoms, but he still manages to complete tasks, manage his mood and get along with others.

Tr. 25.

The ALJ did not discuss the supportability factor in the passage above. While the ALJ wrote that Dr. Arnold's opinion was "supported by the overall record," the "overall record" evidence goes to the consistency factor, not the supportability factor. *See* 20 C.F.R. § 416.920c(c)(1) (defining the *supportability* factor as "the objective medical evidence and supporting explanations presented by a medical source … to support his or her medical opinion[]"); 20 C.F.R. § 416.920c(c)(2) (defining the *consistency* factor as "evidence from other medical sources and nonmedical sources"). The ALJ's failure to discuss the supportability factor is reversible error. *See* 20 C.F.R. § 416.920c(b)(2) (the ALJ "must explain the supportability and consistency factors when discussing a medical opinion."); *see, e.g., Brenda T. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-cv-2980, 2024 WL 3506947, at *10 (S.D. Ohio July 22, 2024) (finding that the ALJ committed reversible error when he failed to discuss the supportability of a medical opinion), *report and recommendation adopted*, 2024 WL 3677636 (S.D. Ohio Aug. 6, 2024); *Kopec v. Comm'r of Soc. Sec.*, No. 1:23-cv-680, 2023 WL 6958636, at *7 (N.D. Ohio Oct. 20, 2023) ("Simply put, the ALJ didn't comply with the regulations" when she failed to discuss the supportability factor, "which is grounds for reversal."); *John F. v. Comm'r of Soc. Sec. Admin.*,

9

No. 3:22-cv-260, 2023 WL 4759127, at *6 (S.D. Ohio July 26, 2023) ("[T]his Court agrees that the ALJ failed to follow the regulatory requirement to evaluate the consultants' opinions for supportability. The failure to comply with a legal requirement constitutes reversible error."); *Reed v. Comm'r of Soc. Sec.*, No. 3:20-cv-2611, 2021 WL 5908381, at *6 (N.D. Ohio Dec. 14, 2021) (the ALJ's failure to discuss the supportability factor was reversible error).

The Commissioner argues that the ALJ "explained that Dr. Arnold's opinion was supported by her own generally unremarkable examination of [Hawker]." Doc. 10, at 5–6. But the Commissioner doesn't point to where the ALJ allegedly did this. He only cites to Dr. Arnold's consultative exam report, *id.* at 5 (citing Tr. 659–60), recites Dr. Arnold's findings during the exam, *id.*, and concludes that the ALJ "interpreted these statements as Dr. Arnold determining that [Hawker] 'had limitation in social interaction,'" *id.* (citing Tr. 24). But the Commissioner has only described what Dr. Arnold opined—that Hawker had social limitations. *See* Tr. 24, 661. This is not in dispute. What is in dispute is whether the ALJ discussed the supportability factor when she evaluated Dr. Arnold's opinion. And this the ALJ did not do.

The Commissioner submits that the Court must review the ALJ's decision as a whole. Doc. 10, at 6–7. Indeed, the ALJ's decision must be read as a whole, *see Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014), and the ALJ is not required to repeat factual findings made elsewhere in the decision, *see Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir.

10

2014). But the Commissioner hasn't identified where else in the decision the ALJ discussed the supportability factor. The Commissioner urges the Court to find that "substantial evidence supports the ALJ's determination that Dr. Arnold's opinion [was] persuasive." Doc. 10, at 7. But this amounts to post-hoc rationalizing, which is not permitted. *See Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 808 (6th Cir. 2018) ("[A]n agency's actions must be upheld, if at all, on the basis articulated by the agency itself, and not based on appellate counsel's post hoc rationalization[s]") (internal quotation marks and citations omitted).

Simply put, the regulations require the ALJ to discuss the supportability factor when evaluating Dr. Arnold's opinion. The ALJ did not do so. This amounts to reversible error.[3]

  *2. Hawker has forfeited review of his remaining assignments of error*

Hawker's remaining assignments of error require an evaluation of the evidence of record. In his second assignment of error, Hawker challenges the ALJ's evaluation of the state agency reviewers' opinions. *See* Doc. 8, at 14 (Hawker arguing that the ALJ erred when she evaluated the state agency reviewer's opinion because "the ALJ failed to cite the required <u>substantial</u> evidence to support this rejection" and because the reviewer's "findings are clearly based primarily on the examination and findings of consultative

---

[3] The Commissioner does not argue that the error was harmless. *See* Doc. 10, at 5–7.

11

examiner Dr. Arnold," citing the reviewer's findings); *see also id.*, at 16. Hawker challenges the Appeals Council's decision to decline to exhibit an opinion that Hawker had submitted on appeal. *Id.* at 15 (discussing the opinion's findings). And in his third assignment of error, Hawker argues that new and material evidence exits—the treating source opinion that he submitted to the Appeals Council—and details the source's findings and opinions in support of his request for a "sentence six remand."[4] *Id.* at 18–19.

These arguments are forfeited because they require the Court to evaluate record evidence which Hawker failed to present in the *Facts* section of his brief, as required by the Court's initial order. *See* Doc. 4, at 3 ("All facts relevant to the legal issues and discussion must be set forth in the *Facts* section."). Indeed, the Court's order expressly warns that it will not consider facts that a party fails to properly present. *See id.* at 3–4 ("Any facts recited in support of the Argument or Analysis section of a brief must also be set forth in the *Facts* section of the brief. The Court will not consider facts referenced in a party's argument unless those facts have been set out in the *Facts* section of the party's brief."). Moreover, the Commissioner notified Hawker of this mistake, Doc. 10, at 2 n.1, and Hawker did not seek to correct it. I therefore find that Hawker has forfeited review of his remaining arguments.

---

[4] Sentences Four and Six of Section 405(g) set forth bases on which a social security claimant may argue he or she is entitled to remand. 42 U.S.C. § 405(g).

12

**Conclusion**

For the reasons explained above, the Commissioner's decision is vacated and remanded for proceedings consistent with this opinion.

So ordered.

Dated: September 23, 2025

                                        */s/ James E. Grimes Jr.*
                                        James E. Grimes Jr.
                                        U.S. Magistrate Judge